1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   ANNE C. GANNON
4  Assistant United States Attorney
   Chief, Santa Ana Branch Office
5  KRISTIN N. SPENCER (Cal. Bar No. 294692)
   Assistant United States Attorney
6       U.S. ATTORNEY'S OFFICE
        411 West Fourth Street, Suite 8000
7       Santa Ana, California 92701
        Telephone: (714) 338-3500
8       Facsimile: (714) 338-3531
        E-mail:   kristin.spencer@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

OCT 8, 2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___mp___ DEPUTY

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                    SOUTHERN DIVISION

14 UNITED STATES OF AMERICA,        No. SA CR 8:24-cr-00118 JWH

15          Plaintiff,              PLEA AGREEMENT FOR DEFENDANT
                                    IN CHUN JUNG
16               v.

17 IN CHUN JUNG,

18          Defendant.

19

20      1.   This constitutes the plea agreement between IN CHUN JUNG

21 ("defendant") and the United States Attorney's Office for the Central

22 District of California (the "USAO") in the investigation into

23 defendant's filing of false tax returns for tax years 2015 through

24 2022.  This agreement is limited to the USAO and cannot bind any

25 other federal, state, local, or foreign prosecuting, enforcement,

26 administrative, or regulatory authorities.

27                   DEFENDANT'S OBLIGATIONS

28      2.   Defendant agrees to:

a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with filing a false tax return, in violation of Title 26, United States Code, Section 7206(1).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>PAYMENT OF TAXES OWED</u>

3.    Defendant admits that defendant received $1,184,914.36 of unreported income for tax years 2015 through 2022.  Defendant agrees that:

a.    Defendant is liable for the fraud penalty imposed by the Internal Revenue Code, 26 U.S.C. § 6663, on the understatements of tax liability for tax years 2015 through 2022.

2

b.   Defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the criminal investigation of this matter, including materials and information obtained through grand jury subpoenas.

c.   Defendant will sign closing agreements with the Internal Revenue Service at the time of sentencing permitting the Internal Revenue Service to assess and collect the total sum of $300,145 ($43,164, $44,170, $52,775, $41,412, $51,180, $26,050, $17,799, and $23,595 for the defendant's tax years 2015, 2016, 2017, 2018, 2019, 2020, 2021, and 2022 respectively), which comprises the tax liabilities, as well as assess and collect the civil fraud penalty for each year and statutory interest, on the tax liabilities, as provided by law.  Defendant will pay to the Fiscal Clerk of the Court all additional taxes and all penalties and interest thereafter determined by the Internal Revenue Service to be owing as a result of any computational errors.  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

d.   Defendant will not, after signing closing agreements, file any claim for refund of taxes, penalties, or interest for amounts attributable to the tax years covered by this plea agreement.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant

3

demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 17 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSE</u>

5.    Defendant understands that for defendant to be guilty of filing a false tax return, in violation of Title 26, United States Code, Section 7206(1), the following must be true: (1) defendant made and signed a tax return that he knew contained false information as to a material matter; (2) the return contained a written declaration that it was being signed subject to penalty of perjury; and (3) in filing the false tax return, defendant acted willfully.

<u>PENALTIES AND RESTITUTION</u>

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 7206(1), is: three years' imprisonment; a one-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $300,145, pursuant to 18 U.S.C. § 3663(a)(3).

8. Defendant agrees that the total amount of restitution reflected in this agreement results from Defendant's fraudulent conduct.

9. The total amount of restitution consists of the following:

| Tax Year | Restitution Amount |
|----------|--------------------|
| 2015     | $43,164            |
| 2016     | $44,170            |
| 2017     | $52,775            |
| 2018     | $41,412            |
| 2019     | $51,180            |
| 2020     | $26,050            |
| 2021     | $17,799            |
| 2022     | $23,595            |
| **Total:** | **$300,145**     |

Defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax through the date of sentencing. The government will provide an updated interest figure at sentencing.

10. Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United

States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

11. Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

12. Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

13. If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial

statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

14. If Defendant makes a payment of the restitution agreed to in paragraph 9 prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to paragraph 9.

15. Defendant agrees to send all payments made pursuant to the court's restitution order to the Clerk of the Court at the following address:

Clerk of the Court

United States District Court

411 West Fourth Street

Santa Ana, California 92701

16. With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, defendant will provide the following information:

    a.   Defendant's name and Social Security number;

    b.   The District Court and the docket number assigned to this case;

    c.   Tax year(s) or period(s) for which restitution has been ordered; and

    d.   A statement that the payment is being submitted pursuant to the District Court's restitution order.

17. Defendant agrees to include a request that the Clerk of the Court send the information, along with Defendant's payments, to the IRS address below:

    IRS - RACS

    Attn: Mail Stop 6261, Restitution

    333 W. Pershing Ave.

1           Kansas City, MO 64108

2       18.  Defendant also agrees to send a notice of any payments made

3   pursuant to this agreement, including the information listed in the

4   previous paragraph, to the IRS at the following address:

5           IRS - RACS

6           Attn: Mail Stop 6261, Restitution

7           333 W. Pershing Ave.

8           Kansas City, MO 64108

9       19.  Defendant understands that supervised release is a period

10  of time following imprisonment during which defendant will be subject

11  to various restrictions and requirements.  Defendant understands that

12  if defendant violates one or more of the conditions of any supervised

13  release imposed, defendant may be returned to prison for all or part

14  of the term of supervised release authorized by statute for the

15  offense that resulted in the term of supervised release, which could

16  result in defendant serving a total term of imprisonment greater than

17  the statutory maximum stated above.

18      20.  Defendant understands that, by pleading guilty, defendant

19  may be giving up valuable government benefits and valuable civic

20  rights, such as the right to vote, the right to possess a firearm,

21  the right to hold office, and the right to serve on a jury. Defendant

22  understands that he is pleading guilty to a felony and that it is a

23  federal crime for a convicted felon to possess a firearm or

24  ammunition.  Defendant understands that the conviction in this case

25  may also subject defendant to various other collateral consequences,

26  including but not limited to revocation of probation, parole, or

27  supervised release in another case and suspension or revocation of a

28  professional license.  Defendant understands that unanticipated

collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

21. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

22. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 24 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant was a resident of Anaheim, California.  During the years 2015 through 2022, defendant owned and operated JY JBMT, INC., doing business as JY Auto Body, an automotive repair business in Fullerton, California.  Defendant filed corporate tax returns, Form 1120-S's, for JY BMT, INC.

JY BMT, INC., elected to be taxed as a Subchapter S Corporation. S Corporations elect to pass corporate income, losses, deductions, and credits through to their shareholders for federal tax purposes. Shareholders of S Corporations report the flow-through income and losses on their personal tax returns and are assessed taxes at their individual income tax rates.  Defendant was the 100% shareholder of JY BMT, INC.

During the calendar years 2015, 2016, 2017, 2018, 2019, 2020, 2021, and 2022, defendant received payments in the form of checks from customers to JY BMT, INC. for services.  During these years, defendant and co-schemers 1 and 2, both acting at defendant's direction, used multiple check cashing services located in Garden Grove, California, to cash checks totaling approximately $1,157,462. Defendant willfully and intentionally withheld the business receipts and income from checks cashed through check cashing services from his tax return preparer and, in doing so, willfully and intentionally omitted these receipts and income on his tax returns.

For instance, on or about May 15, 2020, in Orange County, within the Central District of California, and elsewhere, defendant willfully made and subscribed to a materially false U.S. Individual Income Tax Return, Form 1040, for calendar year 2019, which was verified by a written declaration that it was made under the penalties of perjury, which was filed with the Internal Revenue

Service, and which defendant did not believe to be true and correct as to every material matter, in that on line 11b of his Form 1040, defendant reported that his taxable income for the calendar year 2019 was $99,686 when, in fact, as defendant then knew and believed, he had additional taxable income for calendar year 2019 of approximately $195,132.

In addition, in Orange County, within the Central District of California, defendant also willfully made and subscribed to materially false U.S. Individual Income Tax Returns, Forms 1040, for calendar years 2015, 2016, 2017, 2018, 2020, 2021, and 2022, each were verified by a written declaration that it was made under the penalties of perjury, each were filed with the Internal Revenue Service, and each of which defendant did not believe to be true and correct as to every material matter. Specifically:

- On line 43 of his 2015 Form 1040, defendant reported that his taxable income for the calendar year 2015 was $22,216, when, in fact, defendant willfully and intentionally omitted approximately $163,151 of additional taxable income.

- On line 43 of his 2016 Form 1040, defendant reported that his taxable income for the calendar year 2016 was $47,448, when, in fact, defendant willfully and intentionally omitted approximately $163,163 of additional taxable income.

- On line 43 of his 2017 Form 1040, defendant reported that his taxable income for the calendar year 2017 was $67,353, when, in fact, defendant willfully and intentionally

omitted approximately $180,488 of additional taxable income.

- On line 10 of his 2018 Form 1040, defendant reported that his taxable income for the calendar year 2018 was $79,776 when, in fact, defendant willfully and intentionally omitted approximately $163,053 of additional taxable income.

- On line 15 of his 2020 Form 1040, defendant reported that his taxable income for the calendar year 2020 was $35,157, when, in fact, defendant willfully and intentionally omitted approximately $133,110 of additional taxable income.

- On line 15 of his 2021 Form 1040, defendant reported that his taxable income for the calendar year 2021 was $65,542, when, in fact, defendant willfully and intentionally omitted approximately $65,218 of additional taxable income.

- On line 15 of his 2022 Form 1040, defendant reported that his taxable income for the calendar year 2022 was $245,208, when, in fact, defendant willfully and intentionally omitted approximately $94,147 of additional taxable income.

Because of defendant's willful and intentional failure to report his full income received from JY BMT, INC., defendant caused a total tax loss of $300,145. Defendant's actions were in all respects voluntary, knowing, deliberate, and willful, and were not committed by mistake, accident, or other innocent reason.

<u>SENTENCING FACTORS</u>

23. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing

Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

24.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 18 | [U.S.S.G. §§ 2T1.1(a)(1), 2T4.1(G)] |
| Sophisticated Means: | +2 | [U.S.S.G. § 2T1.1(b)(2)] |
| Managerial Role: | +2 | [U.S.S.G. § 3B1.1(c)] |
| Zero Point Offender: | -2 | [U.S.S.G. § 4C1.1(a)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Based on the information known to the parties, defendant qualifies for the Zero-Point Offender adjustment set forth in USSG § 4C1.1.  The parties understand and agree, however, that their stipulation to this adjustment is conditioned on defendant's eligibility for the adjustment based on his lack of scorable criminal history under the United States Sentencing Guidelines.  In the event that additional information comes to light demonstrating that defendant has in fact sustained

prior convictions rendering him ineligible, the parties agree that the government is free to recommend that this Court not include the adjustment in its calculation of defendant's Total Offense Level.

25. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

26. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

27. Defendant understands that by pleading guilty, defendant gives up the following rights:

      a. The right to persist in a plea of not guilty.

      b. The right to a speedy and public trial by jury.

      c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

      d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e. The right to confront and cross-examine witnesses against defendant.

      f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g. The right not to be compelled to testify, and, if

defendant chose not to testify or present evidence, to have that choice not be used against defendant.

     h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

28.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

29.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 30 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in

Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

30.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 24 months, the USAO gives up its right to appeal any portion of the sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

31.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

32.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

33.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have

16

1 cured a breach without the express agreement of the USAO in writing.

2 If the USAO declares this agreement breached, and the Court finds

3 such a breach to have occurred, then: (a) if defendant has previously

4 entered a guilty plea pursuant to this agreement, defendant will not

5 be able to withdraw the guilty plea, and (b) the USAO will be

6 relieved of all its obligations under this agreement.

7 <u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

8 <u>OFFICE NOT PARTIES</u>

9     34. Defendant understands that the Court and the United States

10 Probation and Pretrial Services Office are not parties to this

11 agreement and need not accept any of the USAO's sentencing

12 recommendations or the parties' agreements to facts or sentencing

13 factors.

14     35. Defendant understands that both defendant and the USAO are

15 free to: (a) supplement the facts by supplying relevant information

16 to the United States Probation and Pretrial Services Office and the

17 Court, (b) correct any and all factual misstatements relating to the

18 Court's Sentencing Guidelines calculations and determination of

19 sentence, and (c) argue on appeal and collateral review that the

20 Court's Sentencing Guidelines calculations and the sentence it

21 chooses to impose are not error, although each party agrees to

22 maintain its view that the calculations in paragraph 13 are

23 consistent with the facts of this case.  While this paragraph permits

24 both the USAO and defendant to submit full and complete factual

25 information to the United States Probation and Pretrial Services

26 Office and the Court, even if that factual information may be viewed

27 as inconsistent with the facts agreed to in this agreement, this

28 paragraph does not affect defendant's and the USAO's obligations not

17

to contest the facts agreed to in this agreement.

36.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

37.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

38.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney


_____          October 7, 2024
KRISTIN N. SPENCER                       _____
Assistant United States Attorney         Date


_____          Sep. 16. 2024
IN CHUN JUNG                             _____
Defendant                                Date


_____          September 16, 2024
RYAN A. ESLES                            _____
Attorney for Defendant IN CHUN JUNG      Date


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those

contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        Sep 16. 2024
IN CHUN JUNG                              Date
Defendant


## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am In Chun Jung's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____        September 16, 2024
RYAN A. ELLIS                             Date
Attorney for Defendant IN CHUN JUNG

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                       SOUTHERN DIVISION

11   UNITED STATES OF AMERICA,        No.

12            Plaintiff,              I N F O R M A T I O N

13            v.                      [26 U.S.C. § 7206(1): Making
                                      and Subscribing to a False Tax
14   IN CHUN JUNG,                    Return]

15            Defendant.

16

17        The United States Attorney charges:

18                      [26 U.S.C. § 7206(1)]

19        On or about May 15, 2020, in Orange County, within the

20   Central District of California, and elsewhere, defendant IN CHUN

21   JUNG, a resident of Orange County, California, willfully made

22   and subscribed to a materially false U.S. Individual Income Tax

23   Return, Form 1040, for calendar year 2019, which defendant JUNG

24   verified as true, correct, and complete by written declaration

25   made under penalty of perjury and caused to be filed with the

26   Internal Revenue Service, and which defendant JUNG did not

27   believe to be true and correct as to every material matter, in

28   that the tax return falsely reported taxable income on line 11b

1  of $99,686, when, as defendant JUNG then knew and believed,

2  his taxable income for calendar year 2019 was substantially

3  more than reported.

4

5                                    E. MARTIN ESTRADA
                                     United States Attorney
6

7

8                                    MACK E. JENKINS
                                     Assistant United States Attorney
9                                    Chief, Criminal Division

10                                   ANNE C. GANNON
                                     Assistant United States Attorney
11                                   Chief, Santa Ana Branch Office

12                                   BRADLEY E. MARRETT
                                     Assistant United States Attorney
13                                   Deputy Chief, Santa Ana Branch
                                     Office
14
                                     KRISTIN N. SPENCER
15                                   Assistant United States Attorney
                                     Santa Ana Branch Office
16

17

18

19

20

21

22

23

24

25

26

27

28